Arthur F. Easter appeals from the judgment of the Xenia Municipal Court wherein he was found guilty of speeding. Easter contends in his sole assignment that the judgment was against the manifest weight of the evidence.
Keith Salyers, a Bellbrook police officer, testified he was on duty in the early morning hours of July 21, 1998 and was operating a K-55 Doppler radar device to measure speed of traffic in the City of Bellbrook. (T.4).
Salyers testified he was traveling in his police cruiser westbound on West Franklin when he saw the defendant's eastbound car "coming into town, where it's posted 25 miles per hour, traveling at a high rate of speed." (T.7). More specifically, Salyer said the defendant's vehicle was coming toward him on Franklin Street and that he locked on him from a distance of 250 feet. (T.12). Salyer testified he first saw the defendant's vehicle when it was across from Tobias Funeral Home in Bellbrook.
Salyer testified he "locked on" defendant's speed at forty-two (42) miles per hour. (T.9). Salyer testified he stopped defendant's vehicle in front of Penewit Hardware and defendant stated he was "running late for work at that time." Salyer stated he issued the speeding citation at that time.
The defendant testified that he saw Officer Salyer's cruiser as he was approaching Bellbrook. Defendant testified he was still in a construction zone which was "unsigned" right up to the property line for Dot's Market in Bellbrook. He testified he believed Officer Salyer got a lock on his speed while he was driving in the construction zone. Photographs were admitted to part of the defendant's testimony. (T.17).
In finding the defendant guilty the trial court made the following observations:
 THE COURT: Okay. Well, there's obviously a disagreement about where the Defendant was when he was clocked, but, actually, the person with superior knowledge of that is the person who's clocking because the Defendant can't know when the officer saw him. He can try to deduce that, but the fact that he saw the officer at a given time doesn't mean that that is when the officer saw him, and the speed is not even disputed, apparently.
 The amount of speed is the reason the Defendant disputed, but the officer testified that the Defendant was approximately at Tobias Funeral Home, and I believe that that is within that 25-mile-an-hour zone, even shown on the Defendant's pictures.
 So based on the evidence presented, I am finding the Defendant guilty.
Appellant contends that the City failed to prove venue, that is, that the offense was committed in the City of Bellbrook. We disagree. Officer Salyer testified he observed the defendant's speeding within the City of Bellbrook for which Xenia Municipal Court has jurisdiction to hear speeding cases. See R.C.1901.02(B).
Appellant also argues that the City failed to present evidence of where the speed limits were located so as to give him fair warning of the speed limit being enforced. Officer Salyer did testify that the defendant was "coming into town, where it'sposted 25 miles per hour, traveling at a high rate of speed."
In considering an assignment that the judgment is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines in resolving conflicts in the evidence, whether the trier of fact clearly lost its way and created such a manifest injustice the conviction must be reversed. This power to grant a new trial should be exercised in the exceptional case where the evidence weighs heavily against a conviction. State v. Thompkins (1997),78 Ohio St.3d 380 adopting the language in State v. Martin (1983),20 Ohio App.3d 172.
We have reviewed the evidence presented below and find the judgment is not against the manifest weight of that evidence. The assignment of error is Overruled.
The judgment of the trial court is Affirmed.
WOLFF, J. and FAIN, J., concur.